**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEPHEN KEITH,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, et al.,<br><br>　　　　　　　　　Defendants. | Case No. 22-cv-1226-MMA (DEB)<br><br>**ORDER GRANTING DEFENDANT CITY OF SAN DIEGO'S MOTION TO DISMISS**<br><br>[Doc. No. 9] |

  Plaintiff Stephen Keith ("Plaintiff") brings this action against the City of San Diego ("San Diego" or the "City") and Does 1 through 10 pursuant to 42 U.S.C. § 1983. *See* Doc. No. 1 ("Compl."). The City now moves to dismiss six of Plaintiff's claims. *See* Doc. No. 9. Plaintiff has filed an opposition, to which the City replied. *See* Doc. Nos. 10, 11. The Court took the matter under submission and without oral argument pursuant to Civil Local Rule 7.1.d.1. *See* Doc. No. 12. For the reasons set forth below, the Court **GRANTS** the City's motion.

# I. B<small>ACKGROUND</small>[1]

This action arises out of Plaintiff's contact with the San Diego Police Department on October 10, 2020. According to Plaintiff, while he was standing on his own property an unknown male approached him and asked him for a cigarette. Compl. ¶ 18. When Plaintiff responded "no," the unknown male violently attacked him. *Id.* ¶ 19. At the time, Plaintiff was on crutches, recovering from knee surgery. *Id.*

The police were called, and six City of San Diego police officers responded to the scene (the "Doe Officers"). *Id.* ¶ 20. When the Doe Officers arrived, they immediately tackled Plaintiff to the ground, without directing any orders towards Plaintiff. *Id.* ¶¶ 21, 22. Plaintiff alleges the Doe Officers "brutalized" him, including that one officer struck Plaintiff in his back several times with his knee. *Id.* ¶ 25. Plaintiff contends he was not acting violently, nor did he strike, kick, or undertake any act of violence to justify the Doe Officers' response. *Id.* ¶¶ 22–24.

Plaintiff was arrested and taken to the hospital for treatment to the injuries he sustained. *Id.* ¶ 26. Thereafter, Plaintiff was booked in jail, paid bail, and was released. *Id.* ¶ 27. The San Diego District Attorney's Office chose to not prosecute Plaintiff. *Id.* ¶ 28.

As a result, Plaintiff brings the following eight causes of action: (1) unlawful / unreasonable seizure in violation of the Fourth Amendment against the Doe Officers; (2) excessive force in violation of the Fourth Amendment against the Doe Officers; (3) failure to properly train / hire / fire / discipline against the City; (4) "claim against local governing body defendants based on official policy, practice, or custom" against the City; (5) false arrest / false imprisonment against all Defendants; (6) battery against all Defendants; (7) violation of California Civil Code § 52.1 against all Defendants; and (8) negligence against all Defendants.

---

[1] Because this matter is before the Court on a motion to dismiss, the Court accepts as true the allegations set forth in the Complaint. *See Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976).

## II. Legal Standard

A Rule 12(b)(6)[2] motion tests the legal sufficiency of the claims made in a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). However, plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard demands more than "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

Where dismissal is appropriate, a court should grant leave to amend unless the plaintiff could not possibly cure the defects in the pleading. *See Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)).

---

[2] Unless otherwise noted, all "Rule" references are to the Federal Rules of Civil Procedure. Additionally, all citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

### III. REQUEST FOR JUDICIAL NOTICE

As an initial matter, the City asks the Court to judicially notice Plaintiff's claim filed with the City on October 11, 2021. *See* Doc. No. 9-3 ("Def. Ex. A"). Plaintiff has not responded to or otherwise opposed the request.

Generally, the scope of review on a motion to dismiss for failure to state a claim is limited to the contents of the complaint. *See Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1141 n.5 (9th Cir. 2003). However, a court may consider certain materials, including matters of judicial notice, without converting the motion to dismiss into a motion for summary judgment. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (quoting Fed. R. Evid. 201(b)). Further, "a court may consider evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (quoting *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (internal quotation marks omitted)).

The Court agrees that it may consider Plaintiff's claim. First, Plaintiff references this document in his Complaint. *See* Compl. ¶ 4. Further the Court finds that his claim is a public record and that its authenticity is not subject to reasonable dispute. Accordingly, the Court **GRANTS** the City's request.

### IV. DISCUSSION

The City moves to dismiss Plaintiff's third, fourth, fifth, sixth, seventh, and eighth causes of action. The City also notes that the caption of Plaintiff's Complaint identifies two separate claims for negligence: Claims 8 and 9. *See* Doc. No. 9-1 at 14 fn.2. As there is no Claim 9 in the body of his pleading, it appears that inclusion of this additional

cause of action was an inadvertent error.  Accordingly, the Court turns to the City's arguments regarding Claims 3 through 8.

### A.     Claims 3 and 4: *Monell* Liability

By way of Claims 3 and 4, Plaintiff seeks to hold the City liable for the alleged unconstitutional violations based upon the failure to properly train, hire, fire, and discipline (Claim 3) and pursuant to official policy, practice, or custom (Claim 4).  *See* Compl. at 10, 11.  The parties accurately characterize these claims as *Monell* claims.

Title 42 of the United States Code, section 1983 creates a means for redressing violations of substantive rights created by the United States Constitution or federal statutes.  *See Baker v. McCollan*, 443 U.S. 137, 140 (1979).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating rights elsewhere conferred.  *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).  Municipalities, such as the City, cannot be held vicariously liable under section 1983 for the actions of their employees.  *Monell v. New York Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).  Instead, "a municipality can be found liable under § 1983 only where the municipality *itself* causes the constitutional violation at issue."  *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).  To establish liability under *Monell*, a plaintiff must prove: (1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation.  *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Plumeau v. School Dist. # 40*, 130 F.3d 432, 438 (9th Cir. 1997)).

Municipal liability for § 1983 claims under *Monell* can be established in one of three ways.  *See Thomas v. Cnty. of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014).  First, when "implementation of [the local government's] official policies or established customs inflicts the constitutional injury."  *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1249 (9th Cir. 2010), *overruled in part on other grounds by Castro v. Cnty. of L.A.*, 833 F.3d 1060 (9th Cir. 2016)) (quoting *Monell*, 436 U.S. at 708).  A policy or custom is

generally one adopted and expressly set forth, but "may [also] be inferred from widespread practices or 'evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded.'" *Nadell v. Las Vegas Metro. Police Dep't*, 268 F.3d 924, 929 (9th Cir. 2001) (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1349 (9th Cir. 1992), *abrogated on other grounds as recognized in Beck v. City of Upland*, 527 F.3d 853, 862 n.8 (9th Cir. 2008)).  The Ninth Circuit has referred to this conduct as "acts of 'commission.'" *Clouthier*, 591 F.3d at 1249 (quoting *Cabrales v. County of Los Angeles*, 864 F.2d 1454, 1461 (9th Cir. 1988)).  Second, a local may be held liable for acts of omission, "when such omissions amount to the local government's own official policy." *Id.*  Third, a municipality may be held liable when government officials with final policy-making authority either: (a) committed the underlying constitutional violation themselves; or (b) ratified the unconstitutional conduct of a subordinate. *See Clouthier*, 591 F.3d at 1250.

In pleading a *Monell* claim, a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).  Additionally, the factual allegations, taken as true, "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

1. *Failure to Properly Train, Hire, Fire, & Discipline*

The City argues that Plaintiff has not plausibly pleaded a failure to train theory of *Monell* liability.  "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train"; "[i]n limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." *Connick v. Thompson*, 563 U.S. 51, 61 (2011).  For a failure to train theory, "[t]he issue is whether the training program is adequate and, if it is not,

whether such inadequate training can justifiably be said to represent municipal policy." *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1186 (9th Cir. 2006).  As it falls within the greater policy of inaction or omission theory, the failure to train theory requires a showing of deliberate indifference.  *See Doe v. City of San Diego*, 35 F. Supp. 3d 1233, 1238 (S.D. Cal. 2014) (citing 9th Cir. Model Civ. Jury Instr. 9.7).  "'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick*, 563 U.S. at 61 (quoting *Bd. of the Cnty. Comm'rs v. Brown*, 520 U.S. 397, 410 (1997)).  It is only "when city policymakers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights" and policymakers choose to retain that program that the city may be deemed deliberately indifferent.  *Id.*  Consequently, "[a] pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Id.* at 62 (quoting *Brown*, 520 U.S. at 409).  "This is because adequately trained officers occasionally make mistakes; the fact that they do says little about the training program or the legal basis for holding the city liable." *Harris*, 489 U.S. at 391.  Only under limited circumstances "in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the [municipality] can reasonably be said to have been deliberately indifferent to the need." *Id.* at 390.

 A review of Plaintiff's Complaint reveals that he has not adequately or plausibly pleaded *Monell* liability against the City under a failure to train theory.  Plaintiff summarily alleges that the City fails to adequately train its "peace officer employees to properly and lawfully handle situations . . . including training on: 1) when they are permitted to arrest persons; 2) and when they are permitted to use force against persons," and that the City was "deliberately indifferent to the obvious consequences of its failure to train its police officer employees adequately." Compl. ¶¶ 40, 41.  Given the lack of

1 | any additional factual allegations, Plaintiff seemingly asks this Court to do what it cannot
2 | under Ninth Circuit precedent: infer from a single allegedly unconstitutional incident
3 | "*both* that the training was defective *and* that the training was deliberately indifferent to
4 | its unconstitutional consequences." *Hyde*, 23 F.4th at 874.

5 |       The Ninth Circuit has explicitly rejected attempts by litigants to circumvent this
6 | pleading requirement. *Id.* "[G]enerally, a single instance of unlawful conduct is
7 | insufficient to state a claim for municipal liability under section 1983." *Benavidez*, 993
8 | F.3d at 1154; *see also Blankenhorn v. Cty. of Orange*, 485 F.3d 463, 484 (9th Cir. 2007)
9 | ("[E]vidence of the failure to train a single officer is insufficient to establish a
10 | municipality's deliberate policy."); *Hendrix v. Cty. of San Diego*, No. 20-CV-45 TWR
11 | (NLS), 2021 U.S. Dist. LEXIS 168430, at *26 (S.D. Cal. Aug. 11, 2021) (dismissing
12 | *Monell* claim based on inadequate training where plaintiff did not "provide other
13 | instances of similar constitutional violations caused by untrained employees"); *Branch
14 | v. Cty. of San Diego*, No. 15-cv-2336 AJB KSC, 2018 U.S. Dist. LEXIS 69835, at *8
15 | (S.D. Cal. Apr. 24, 2018) ("[T]he Court cannot extrapolate an alleged failure to train one
16 | employee, involving a single incident, into a systemic problem resulting from a policy or
17 | custom of inadequate supervision and training."). Single-incident liability is rare and
18 | found only "in a narrow range of circumstances" where a constitutional violation is a
19 | "highly predictable consequence of the failure to train." *Brown*, 520 U.S. at 409 (1997)
20 | (discussing *Harris*). "Where, as here, the [City] employees are not making life-
21 | threatening decisions, and because micromanaging of municipal policies should be
22 | avoided, the single incident exception is inapplicable." *Benavidez*, 993 F.3d at 1155
23 | (citing *Connick*, 563 U.S. at 64).

24 |       The Ninth Circuit has cautioned that "[w]here a court fails to adhere to rigorous
25 | requirements of culpability and causation, municipal liability collapses into *respondeat
26 | superior* liability." *Horton by Horton v. Cty. of Santa Maria*, 915 F.3d 592, 603 (9th Cir.
27 | 2019). Plaintiff cannot avoid pleading a pattern of similar constitutional violations to
28 | plausibly support the City's deliberate indifference with respect to its alleged failure to

adequately train. As Plaintiff has only pleaded one incident and has not alleged any facts suggesting that the training was defective or that the City was on actual or constructive notice of any training deficiency, he fails to state a claim for failure to train against the City.

Additionally, claims that a municipality failed to discipline its employees is best understood as a claim of ratification. *See Rabinovitz v. City of L.A.*, 287 F. Supp. 3d 933, 967 (C.D. Cal. 2018) ("Where a plaintiff alleges that a municipality's conduct runs afoul of section 1983 for the city's failure to discipline its employees, the claim is understood as one for ratification."); *see also Haugen v. Brosseau*, 351 F.3d 372, 393 (9th Cir. 2003) (explaining that the failure to discipline theory turned on an argument for subsequent ratification because the failure to discipline could not itself cause the already-completed misconduct), *overruled on other grounds by Brosseau v. Haugen*, 543 U.S. 194 (2004). To state a cognizable claim based upon ratification, a plaintiff must allege an official with final policymaking authority approved a subordinate's action, as well as the basis for the action. *Sheehan v. City & Cty. of San Francisco*, 743 F.3d 1211, 1231 (9th Cir. 2014), *rev'd in part on other grounds by City & Cty. of San Francisco, Calif. v. Sheehan*, 575 U.S. 600 (2015); *see also Paulos v. FCH1, LLC*, 685 F. App'x 581, 582 (9th Cir. 2017) (relying on *Sheehan* and finding the *Monell* claim failed because the plaintiff did not provide sufficient evidence of a pattern of failure to discipline). Stated differently, a final policymaker must make a deliberate choice to endorse the subordinate's actions for the municipality to be liable. *Sheehan*, 743 F.3d at 1231. "The policymaker must have knowledge of the constitutional violation and actually approve of it," and a "mere failure to overrule a subordinate's actions, without more, is insufficient to support a § 1983 claim." *Lytle v. Carl*, 382 F.3d 978, 987 (9th Cir. 2004). Similarly, the "mere failure to discipline [a subordinate] does not amount to ratification of [the subordinate's] allegedly unconstitutional actions." *Sheehan*, 743 F.3d at 1231.

With this in mind, it is clear that Plaintiff has not stated a claim for failure to discipline or some other failure with respect to the City's hiring and firing practices.

First, Plaintiff does not allege that any of the Doe Officers involved in the underlying incident were not disciplined or any other facts surrounding their hiring. Further, while Plaintiff elsewhere summarily alleges that the City has a policy or custom of "covering-up unlawful and tortious conduct" by City police officers, Compl. ¶ 47, he does not allege that anyone—nonetheless policymaking officials—knew of the Doe Officers' conduct here or otherwise ratified their actions. As this Court has explained, "[s]imply alleging the [City] failed in [hiring, firing, and disciplining] does not support a plausible claim." *Soares v. Cty. of San Diego*, No. 3:21-cv-01738-BEN-RBB, 2022 U.S. Dist. LEXIS 74299, at *9 (S.D. Cal. Apr. 22, 2022).

For these reasons, the Court **GRANTS** the City's motion and **DISMISSES** Plaintiff's third cause of action with leave to amend.

  b. *Unconstitutional Policy, Practice, or Custom*

As noted above, the City may not be held vicariously liable for the actions of its employees, but instead is liable only for actions that may be attributed to the City itself. *See Connick*, 563 U.S. at 60. Municipalities can only act through individuals and therefore, to attribute actions of individuals to the government entity itself without imposing vicarious liability, the individual's actions must be performed "pursuant to official municipal policy" or according to "practices so persistent and widespread as to practically have the force of law." *Id.* at 61; *see also Long*, 442 F.3d at 1185 ("[I]t is only when execution of a government's policy or custom inflicts the injury that the municipality as an entity is responsible.").

"A policy is 'a deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.'" *Long*, 442 F.3d at 1185 (quoting *Fairley v. Luman*, 281 F.3d 913, 918 (9th Cir. 2002) (per curiam)) (alteration in original). A custom for purposes of municipal liability is "a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law." *City of St. Louis v. Praprotnik*,

485 U.S. 112, 127 (1988) (internal quotation omitted). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3.d 911, 918 (9th Cir. 1996).

Here, Plaintiff's theory of *Monell* liability lacks any supporting factual allegations. Plaintiff does not identify any express policy. Nor does Plaintiff allege a pattern of similar incidents such that the Court can plausibly infer the existence of a longstanding practice or custom. Rather, Plaintiff in a conclusory fashion alleges the following:

> At all times complained of herein, Defendants DOES 1 through 6, inclusive, were acting pursuant to the policies, customs, usages and practices of the San Diego Police Department / defendant CITY: 1) for unlawfully arresting persons; 2) for using excessive force upon persons; and 3) for covering-up unlawful and tortious conduct by San Diego Police Department personnel and were a proximate cause of the very same federal constitutional violations complained of by the plaintiff in this action.

Compl. ¶ 47.

Historically, a plaintiff in the Ninth Circuit pursuing a *Monell* claim need only plead a "bare allegation that government officials' [unconstitutional] conduct conformed to some unidentified" policy or custom." *Lee v. Cty. of Los Angeles*, 250 F.3d 668, 682–83 (9th Cir. 2001) (quoting *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988)). However, *Lee* and *Karim-Panahi* were decided before the Supreme Court issued *Iqbal* and *Twombly*. As such, *Lee* is not good law to the extent it dictates a standard inconsistent with Supreme Court precedent on the federal pleading standard.

Further, the Ninth Circuit has squarely addressed the pleading standard for § 1983 claims in the wake of *Iqbal* and *Twombly* and articulated the following two-part standard:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must

      contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Starr*, 652 F.3d at 1216. The Ninth Circuit thereafter extended this standard to *Monell* claims. *See AE*, 666 F.3d at 637. Many district courts have recognized this as overruling any prior, more lenient standard. *See, e.g.*, *Little v. Gore*, 148 F. Supp. 3d 936, 957 (S.D. Cal. 2015) (explaining that the previous "liberal pleading policy" in the Ninth Circuit "did not survive *Iqbal*"); *see also Young v. Cty. of Visalia*, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009) ("In light of *Iqbal*, it would seem that the prior Ninth Circuit pleading standard for *Monell* claims (i.e. 'bare allegations') is no longer viable."). The case of *Reyes v. Cty. of Santa Ana*, 832 Fed. App'x 487 (9th Cir. 2020)[3] aside, the Court declines Plaintiff's invitation to apply a legal standard that is inconsistent with Supreme Court and Ninth Circuit precedent.

      Here, Plaintiff does not factually support his contention that the City has "policies, customs, usages, and practices" regarding unlawful arrests, use of excessive force, and covering-up such conduct. Compl. ¶ 47. He does not identify any written policy or assert that the challenged conduct is persistent and widespread. He further does not allege that any such policy, custom, or practice was the moving force behind the Doe

---

[3] The Ninth Circuit in *Reyes* cited to the pre-*Iqbal/Twombly* case of *Lee* for the statement of law that "a *Monell* claim filed by way of 42 U.S.C. § 1983 will withstand a motion to dismiss 'even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice.'" *Reyes*, 832 F. App'x at 492 (quoting *Lee*, 250 F.3d at 682–83) (quotation marks omitted). *Reyes* is not precedent, *see* Ninth Circuit Rule 36-3, and presumably the court did not intend to revive the pre-*Starr* pleading standard that bare allegations *alone* are sufficient to withstand a motion to dismiss. To that end, the court later clarified—albeit, without expressly correcting itself—that factual allegations must still plausibly support an entitlement to relief. *See Reyes v. City of Santa Ana*, No. 21-55940, 2022 U.S. App. LEXIS 29655, at *2 (9th Cir. Oct. 25, 2022) (citing *Starr*). Other courts have agreed that this quotation in *Reyes* should not be taken out of context. *See Duenas v. Cty. of Riverside*, No. EDCV 21-01645 (SPx), 2022 U.S. Dist. LEXIS 111145, at *10 (C.D. Cal. May 27, 2022); *Melendez v. City of Mt. View*, No. 21-cv-02651-BLF, 2021 U.S. Dist. LEXIS 222323, at *13 (N.D. Cal. Nov. 17, 2021).

Officers' conduct.  Consequently, Plaintiff fails to even provide a formulaic recitation of this cause of action, nonetheless support the elements with sufficient factual allegations to put the City on notice and plausibly demonstrate an entitlement to relief.  Accordingly, the Court **GRANTS** the City's motion and **DISMISSES** Plaintiff's fourth cause of action with leave to amend.

B.   Claims 5–8: State Law Claims

Plaintiff brings claims five through eight against all Defendants under California state law for: (5) false arrest/false imprisonment; (6) battery; (7) violation of California Civil Code § 52.1; and (8) negligence.  Compl. at 13–17.  The City argues that Plaintiff did not comply with California's Government Claims Act and therefore that these claims are barred as a matter of law.  See Doc. No. 9-1 at 13–14.

California's Government Claims Act, formerly referred to as the Tort Claims Act, *see City of Stockton v. Sup. Ct.*, 68 Cal. Rptr. 3d 295, 304–05 (Cal. 2007) (adopting the practice of referring to the "Tort Claims Act" as the "Government Claims Act"), establishes certain requirements a plaintiff must comply with prior to filing a lawsuit against a public entity for money or damages.  See Cal. Gov't Code § 900 *et seq*.  Namely, a plaintiff must present his claim for personal injury to the public entity no later than six months after the accrual of the cause of action, and for claims relating to any other cause of action, no later than one year after the accrual of the cause of action.  See Cal. Gov. Code § 911.2(a).  "However, if the injured party fails to present a timely claim, a written application may be made to the public entity for leave to present a late claim." *Coble v. Ventura Cty. Health Care Agency*, 288 Cal. Rptr. 3d 431, 434 (Cal. Ct. App. 2021) (citing Cal. Gov. Code, § 911.4(a)) (cleaned up).  The application must be presented to the public entity no later than one year after the accrual of the cause of action.  See Cal. Gov't Code § 911.4(b).  Unless the one-year period is tolled, "the public entity is 'powerless to grant relief' if an application for leave to file a late claim was presented after the one-year deadline." *Coble*, 288 Cal. Rptr. 3d at 434 (quoting *Hom v. Chico Unified School Dist.*, 61 Cal. Rptr. 920, 923 (Cal. Ct. App. 1967)).

"The filing of a claim is a condition precedent to the maintenance of any cause of action against the public entity and is therefore an *element* that a plaintiff is required to prove in order to prevail." *DiCampli-Mintz v. Cty. of Santa Clara*, 150 Cal. Rptr. 3d 111, 116 (2012) (internal quotation marks and citation omitted) (alteration in original). The failure to timely present a claim for money or damages to a public entity bars a plaintiff from bringing suit against that entity or its employee. *City of Stockton*, 68 Cal. Rptr. 3d at 301. Additionally, "a plaintiff must allege facts demonstrating or excusing compliance with the claim presentation requirement. Otherwise, his complaint . . . fail[s] to state facts sufficient to constitute a cause of action." *State of Cal. v. Sup. Ct.*, 13 Cal. Rptr. 3d 534, 541 (Cal. 2004).

Plaintiff pleads that he complied with the California Tort Claims Act. *See* Compl. ¶ 4. Other courts have found such a conclusory allegation insufficient to survive dismissal. *See, e.g.*, *Jones v. Cty. of San Diego*, No. 20CV1989-GPC(DEB), 2021 U.S. Dist. LEXIS 187273, at *14 (S.D. Cal. Sep. 28, 2021) (dismissing state law claims based upon the finding that a summary allegation of compliance). Further, according to the Complaint, the incident giving rise to Plaintiff's state law claims occurred on October 10, 2020. *See* Compl. ¶ 18. Therefore, Plaintiff had until April 10, 2021 to present his personal injury claim. Plaintiff submitted a Government Claim Form on October 11, 2021—one year and one day after the incident. *See* Def. Ex. A.

Thus, it appears that Plaintiff has not satisfied the Government Claims Act condition precedent. Accordingly, the Court **GRANTS** the City's motion and **DISMISSES** Plaintiff's state law claims. The City argues that dismissal should be with prejudice, as Plaintiff cannot cure this deficiency. Plaintiff did not respond to the City's Government Claims Act argument. While the Court is inclined to agree with the City, it is not yet demonstrably apparent that Plaintiff could not cure this defect. Accordingly, dismissal is with leave to amend. Should Plaintiff wish to reassert state law claims against the City, Plaintiff must plausibly allege how he complied with the Government Claims Act or an excuse from compliance.

### C.  Claim 8: Negligence

The City also moves to dismiss Plaintiff's negligence claim on alternative grounds: that it is immune from direct liability for common law negligence. *See* Doc. No. 9-1 at 15.  For the sake of completeness, the Court proceeds by addressing this argument as well.

Under California law, the elements of a negligence claim are: (1) the defendant had a duty to use care; (2) defendant breached that duty; and (3) the breach of duty was the proximate or legal cause of the resulting injury. *Hayes v. County of San Diego*, 160 Cal. Rptr. 3d 684, 688 (Cal. 2013).  In support of his claim of negligence against all Defendants, Plaintiff pleads that the Doe Officers breached their duty of care towards Plaintiff and that his injuries were a direct and proximate result of these actions. *See* Compl. ¶¶ 73, 74.

Plaintiff does not plead any facts supporting a claim for direct liability for negligence against the City.  In any event, California law generally does not permit a public entity to be held directly liable for its own negligence. *See* Cal. Gov't Code § 815; *see also de Villers v. Cty. of San Diego*, 67 Cal. Rptr. 3d 253, 265 (2007) (discussing section 815 and explaining that "direct tort liability of public entities must be based on a specific statute declaring them to be liable, or at least creating some specific duty of care, . . .").  This includes any alleged "negligence in the selection, training, retention, supervision, and discipline of police officers." *Munoz v. City of Union City*, 120 Cal. App. 4th 1077, 1112, 16 Cal. Rptr. 3d 521 (2004), *disapproved of on other grounds by Hayes*, 160 Cal. Rptr. 3d at 697 n.1; *de Villers*, 67 Cal. Rptr. 3d at 266 (concluding that "a direct claim against a governmental entity asserting negligent hiring and supervision, when not grounded in the breach of a statutorily imposed duty owed by the entity to the injured party, may not be maintained"); *see also Alma M. v. Nulick*, No. 1:15-cv-01386-JAM-SAB, 2016 U.S. Dist. LEXIS 63088, at *9 (E.D. Cal. May 11, 2016) ("California case law makes it clear that public entities are not directly liable for negligent hiring, supervision, or training.").

However, a public entity may be held vicariously liable for the actions of its employees, performed within the scope of the employee's duties, if an employee's conduct would give rise to a cause of action against the employee himself. *See* Cal. Gov't Code § 815.2(a). This includes claims for common law negligence. *See Hayes*, 160 Cal. Rptr. 3d at 688 (holding that "public entities are generally liable for injuries caused by the negligence of their employees acting in the scope of their employment") (citing *id.* § 815.2). Thus, vicarious liability against the City will attach unless the Doe Officers are immune from liability. *See* Cal. Gov't Code § 815.2(b).

Plaintiff has failed to respond to the City's motion in this respect. Nonetheless, Plaintiff has identified no statutory vehicle for pursuing direct liability against the City. Accordingly, the Court **GRANTS** the City's motion and **DISMISSES** Plaintiff's negligence claim to the extent Plaintiff seeks to hold the City directly liable without leave to amend.

## V. CONCLUSION

Based upon the foregoing, the Court **GRANTS** the City's motion to dismiss and **DISMISSES** Claims 3 through 8 with leave to amend and **DISMISSES** Claim 8 against the City under a theory of direct liability without leave to amend.

**IT IS SO ORDERED**.

Dated: March 3, 2023

HON. MICHAEL M. ANELLO
United States District Judge