UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN KEITH,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, et al.,<br><br>　　　　　　　　Defendants. | Case No. 22-cv-1226-MMA (DEB)<br><br>**ORDER GRANTING DEFENDANT CITY OF SAN DIEGO'S MOTION TO DISMISS**<br><br>[Doc. No. 18] |

　　　　Plaintiff Stephen Keith ("Plaintiff") brings this action against the City of San Diego ("San Diego" or the "City") and Does 1 through 10 pursuant to 42 U.S.C. § 1983. *See* Doc. No. 1 ("Compl."). On March 24, 2023, Plaintiff filed a First Amended Complaint, *see* Doc. No. 15 ("FAC"), and the City again moves to dismiss Plaintiff's six claims against it. *See* Doc. No. 18. Plaintiff has filed an opposition, to which the City replied. *See* Doc. Nos. 19, 20. The Court took the matter under submission and without oral argument pursuant to Civil Local Rule 7.1.d.1. *See* Doc. No. 21. For the reasons set forth below, the Court **GRANTS** the City's motion.

## I. DISCUSSION

This action arises out of Plaintiff's contact with the San Diego Police Department on October 10, 2020. As Plaintiff's allegations in the First Amended Complaint remain the same as those in the original Complaint, the Court does not recite them here. Rather, a detailed recitation of the facts can be found in the Court's Order granting the City's prior motion to dismiss, *see* Doc. No. 13, which the Court incorporates by reference. Generally speaking, Plaintiff alleges that he was tackled by unknown San Diego police officers ("Doe Officers"), brutalized, and arrested despite not doing anything to justify the Doe Officers' violent response.[1] *See* FAC ¶¶ 21–25. Plaintiff asserts the following eight causes of action: (1) unlawful / unreasonable seizure in violation of the Fourth Amendment against the Doe Officers; (2) excessive force in violation of the Fourth Amendment against the Doe Officers; (3) failure to properly train and hire / fire / discipline against the City; (4) "claim against local governing body defendants based on official policy, practice, or custom" against the City; (5) false arrest / false imprisonment against all Defendants; (6) battery against all Defendants; (7) violation of California Civil Code § 52.1 against all Defendants; and (8) negligence against all Defendants.

The Court previously granted the City's motion to dismiss in its entirety and dismissed Claims 3 through 8 with leave to amend and Claim 8 under a theory of direct liability without leave to amend. *See* Doc. No. 13 at 18. In particular, the Court found that Plaintiff had not adequately pleaded his *Monell* claims (Claims 3 and 4) because: (a) the Court could not plausibly infer from a single allegedly unconstitutional incident a deliberate indifference to failure to train; (b) Plaintiff failed to allege any act of ratification by an official with final policymaking authority; (c) Plaintiff did not allege any circumstances surrounding the Doe Officers hiring or discipline, or some other

---

[1] Because this matter is before the Court on a motion to dismiss, the Court accepts as true the allegations set forth in the First Amended Complaint. *See Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976).

failure with respect to the City's hiring and firing practices; and (d) Plaintiff failed to identify an express policy or allege a pattern of similar incidents such that the Court could infer a longstanding practice or custom. *Id.* at 5–10. As to Plaintiff's state law claims (Claims 5–8), the Court found Plaintiff did not plausibly plead compliance with California's Government Claims Act; Plaintiff's own allegations in the Complaint revealed that he did not timely present his claim to City. *Id.* at 13–14. The Court granted Plaintiff leave to cure these deficiencies. *Id.* at 16. Additionally, the Court found that Plaintiff could not pursue a state law claim for negligence against the City under a theory of direct liability, and so dismissed Claim 8 to that extent without leave to amend. *Id.* at 15–16.

On March 24, 2023, Plaintiff filed his First Amended Complaint. *See* FAC. Plaintiff's First Amended Complaint contains only one alteration as compared to the original Complaint: to the preexisting paragraph 47, Plaintiff now also alleges that the "CITY has repeatedly ratified unconstitutional conduct by officers and has repeatedly failed to discipline officers who have acted unlawfully – creating an environment where officers know that they may engage in unlawful conduct and not face any meaningful accountability." *Compare* Compl. ¶ 47 *with* FAC ¶ 47; *see also* Doc. No. 17.

This is insufficient and does not cure the previously noted deficiencies. Plaintiff supplies no additional facts from which the Court can plausibly infer a municipal policy that amounts to deliberate indifference to the alleged constitutional violations, nonetheless that the Doe Officers' conduct was pursuant to that policy.

In opposition to the City's motion,[2] Plaintiff seeks to relitigate an issue the Court already addressed and presses an argument the Court already rejected. In order to satisfy the plausibility standard and survive a motion to dismiss, Plaintiff must plead facts from

---

[2] Plaintiff realleges his state law claims but did cure the California Tort Claims Act pleading deficiency. However, Plaintiff states in opposition that he does not oppose the City's motion to dismiss his state law claims. *See* Doc. No. 19 at 10. Rather, he only challenges the City's motion to the extent it seeks dismissal of Plaintiff's *Monell* claims.

which the Court can "draw the reasonable inference that the [City] is liable for the misconduct alleged." *Benavidez v. Cty. of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021) (internal citation and quotation marks omitted).  The cases of *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993) and *Johnson v. City of Shelby*, 574 U.S. 10 (2014), do not undermine this statement of law. *Leatherman* merely holds that a "heightened pleading standard"—such as that applied to claims grounded in fraud pursuant to Federal Rule of Civil Procedure 9(b)—does not apply to *Monell* claims.  This does not contradict the requirement that a plaintiff plead a municipal policy in a non-conclusory manner, and, to the extent it does, *Leatherman* was overruled by the Supreme Court's subsequent rulings in *Twombly* and *Iqbal*.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Further, Plaintiff's *Monell* claims are again subject to dismissal not due to a technical deficiency but rather because Plaintiff provides no factual allegations that would reasonably support the inference that the City can be held liable for the Doe Officers' conduct.  For this reason, *Johnson* is inapposite.  The issue in *Johnson* was whether the failure to expressly invoke § 1983 warranted dismissal and for that reason, the Supreme Court explained, their prior

> decisions in *Bell Atlantic Corp. v. Twombly*, 550 U. S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U. S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), are not in point, for they concern the *factual* allegations a complaint must contain to survive a motion to dismiss. A plaintiff, they instruct, must plead facts sufficient to show that her claim has substantive plausibility. Petitioners' complaint was not deficient in that regard. Petitioners stated simply, concisely, and directly events that, they alleged, entitled them to damages from the city.

*Johnson*, 574 U.S. at 12.

Here, *Iqbal*, *Twombly*, and the many cases since those decisions are on point, binding, and lead to the inescapable conclusion that Plaintiff's summary conclusions are insufficient to survive a Rule 12(b)(6) challenge.  To be sure, the Court accepts Plaintiff's

factual allegations as true and has not tasked Plaintiff with doing anything more than meeting the ordinary plausibility standard. But that the City has a policy, custom, or practice; fails to properly train its police officers on arrests and use of force; has inadequate hiring and disciplining practices; ratifies the misconduct of its officers; and repeatedly fails to discipline officers' unlawful conduct are not facts—they are legal conclusions and naked assertions devoid of any factual enhancement and thus fall below the plausibility standard. As the Supreme Court stated in *Iqbal*, "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." 556 U.S. at 678–79. Therefore, the Court **GRANTS** the City's motion and **DISMISSES** Claims 3 through 8.

The Court previously granted Plaintiff leave to amend and yet the First Amended Complaint remains virtually identical to the Complaint. Plaintiff made no effort to comply with the Court's Order or cure any of the previously noted deficiencies. Thus, it is apparent that granting leave to amend these claims would be futile. Accordingly, dismissal of Claims 3 through 8 are without leave to amend. However, because Plaintiff expressly seeks leave to amend to name two Doe Officers, *see* Doc. No. 19-1 ¶¶ 3–6, the Court grants Plaintiff leave to file a Second Amended Complaint to that limited extent.

## II. Conclusion

Based upon the foregoing, the Court **GRANTS** the City's motion and **DISMISSES** Claims 3 through 8 against the City without leave to amend. Leave to amend is granted, however, to the limited extent noted above.

**IT IS SO ORDERED**.

Dated: May 26, 2023

HON. MICHAEL M. ANELLO
United States District Judge