UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN KEITH,<br><br>                                     Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, et al.,<br><br>                                  Defendants. | Case No. 22-cv-1226-MMA-DEB<br><br>**ORDER DENYING DEFENDANTS' MOTION TO SEAL AND DENYING REQUEST FOR JUDICIAL NOTICE**<br><br>[Doc. No. 28] |

      Plaintiff Stephen Keith brings this civil rights action pursuant to 42 U.S.C. § 1983. On June 16, 2023, Plaintiff filed a Second Amended Complaint. *See* Doc. No. 24 ("SAC"). On August 28, 2023, Defendants Matthew Ayster and Ricardo Bautista ("Defendants") filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Doc. No. 27. Defendants also seek to strike several paragraphs in the Second Amended Complaint as immaterial and impertinent under Rule 12(f). *See id.* at 9.

      In connection with their motion to dismiss, Defendants have filed a motion to file four exhibits under seal. *See* Doc. No. 28. According to their motion, Exhibits 1 and 2 are body worn camera footage, and Exhibits 3 and 4 are transcripts of the body worn camera footage. *See* Doc. No. 27-2. Defendants ask the Court to take judicial notice of these Exhibits. *Id.*

Generally, the scope of review on a Rule 12(b)(6) motion to dismiss, as well as a Rule 12(f) motion to strike, is limited to the contents of the complaint. *See Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1141 n.5 (9th Cir. 2003); *see also SEC v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995) ("The grounds for the [Rule 12(f)] motion must appear on the face of the pleading under attack or from matter which the court may judicially notice."). However, a court may consider certain materials, including matters of judicial notice, without converting the motion to dismiss into a motion for summary judgment. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). For example, "a court may take judicial notice of matters of public record," but a court may not take judicial notice of "disputed facts contained in such public records." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002)). A court may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith*, 307 F.3d at 1125–26.

Judicial notice under Rule 201 permits a court to take notice of an adjudicative fact if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is not subject to reasonable dispute if it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b); *see also Khoja*, 899 F.3d at 999 (quoting Fed. R. Evid. 201(b)).

"Unlike rule-established judicial notice, incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself. The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken — or doom — their claims." *Khoja*, 899 F.3d at 1002.

1    The Court is not persuaded that it may properly consider the Exhibits in ruling on
2  Defendants' motion brought pursuant to Rules 12(b)(6) and 12(f).  The Exhibits are not
3  documents incorporated by reference in the Second Amended Complaint.  *See* SAC.  Nor
4  does the Second Amended Complaint necessarily rely on these Exhibits.  True, the
5  Second Amended Complaint includes allegations surrounding the incident that is
6  presumably captured in these Exhibits.  But it is plain that Defendants offer these
7  Exhibits in an effort to short-circuit the resolution of Plaintiff's claims.  This is
8  impermissible.  *See Khoja*, 899 F.3d at 1003.

9    Defendants rely on one case wherein a district court accepted body camera footage
10 submitted in support of a motion to dismiss and relied on such evidence in resolving the
11 motion.  *See Lihosit v. Flam*, No. CV-15-01224-PHX-NVW, 2016 U.S. Dist. LEXIS
12 64790, at *3 (D. Ariz. May 16, 2016).  According to the court in *Lihosit*, while the video
13 and transcript "are not 'documents' in the traditional sense, they are essential to a full
14 understanding of the events underlying Lihosit's complaint, and Lihosit does not dispute
15 their authenticity." *Id.* at *9.

16   It is not entirely clear whether the *Lihosit* court found the exhibits appropriate for
17 acceptance and consideration under the incorporation by reference doctrine or under
18 Federal Rule of Evidence 201.  The analysis seems to incorporate portions of both
19 standards.  *Id.*  However, it appears that the majority of courts have disagreed and instead
20 have declined to either accept or consider such evidence in resolving motion to dismiss.
21 *See, e.g.*, *Rodriguez v. Cty. of Santa Cruz*, No. 22-cv-07836-JST, 2023 U.S. Dist. LEXIS
22 125566, at *7 (N.D. Cal. July 20, 2023); *Eteghaei v. Cty. of Alameda*, No. 22-cv-04298-
23 KAW, 2023 U.S. Dist. LEXIS 112693, at *8 (N.D. Cal. June 29, 2023); *Turner v. Byer*,
24 No. 2:17-cv-1869-EFB P, 2020 U.S. Dist. LEXIS 167799, at *3 (E.D. Cal. Sep. 14,
25 2020); *Knickerbocker v. United States*, No. 1:16-cv-01811-DAD-JLT, 2018 U.S. Dist.
26 LEXIS 23603, at *16 (E.D. Cal. Feb. 12, 2018).

27   Additionally, the Court is not convinced that the Exhibits are public records "of the
28 type whose accuracy cannot reasonably be questioned, such that the Court may judicially

notice assertions of fact from the footage." *Rodriguez*, 2023 U.S. Dist. LEXIS 125566, at *7.  It is apparent the parties dispute what occurred, and Defendants offer these Exhibits to challenge the factual accuracy of Plaintiff's allegations.  *See, e.g.*, Doc. No. 27-1 at 13.  This goes beyond the scope of a motion to dismiss and "far beyond the usual purposes of judicial notice." *Knickerbocker*, 2018 U.S. Dist. LEXIS 23603, at *16.  Therefore, the Court finds that these Exhibits are not themselves, nor do they contain, facts proper for judicial notice.

Defendants also reference Federal Rule of Evidence 106; however, this Rule is plainly inapplicable as Plaintiff has not offered any portion of these Exhibits into evidence.  Fed. R. Evid. 106 ("If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time.").

For these reasons, the Court **DENIES** Defendants' request for judicial notice.  *See* Doc. No. 27-2.  Consequently, because the Court declines to consider Exhibits 1–4 in ruling on the motion, the Court **DENIES** Defendants' motion to file these Exhibits under seal.  The Court's ruling on Defendants' motion to seal is without prejudice to refiling such a motion should Defendants wish to offer this evidence in support of a motion for summary judgment.[1]

**IT IS SO ORDERED**.

Dated:  August 30, 2023

HON. MICHAEL M. ANELLO
United States District Judge

---

[1] Pursuant to § 2(k) of this District's Electronic Case Filing Administrative Policies and Procedures Manual, parties seeking to offer evidence not capable of electronic filing, such as videos, must seek leave of the court and obtain the court's permission to lodge such evidence with chambers.